IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Ernest Alston and Pamela Alston, <br><br> Plaintiffs <br><br> vs. <br><br> EOG Resources, Inc. and Rebecca Imes, <br><br> Defendants. | Civil No. _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Ernest Alston and Pamela Alston, for their Complaint against EOG Resources, Inc. (EOG) and Rebecca Imes, state and allege as follows:

1. Ernest Alston and Pamela Alston, husband and wife, are citizens of North Dakota and reside in Ward County, North Dakota.

2. EOG is a Delaware corporation with its principal place of business located in Houston, Texas.

3. Upon information and belief, Rebecca Imes is a citizen of the State of Utah residing in Sevier County, Utah.

4. The matter in controversy exceeds the sum of $75,000, exclusive of costs and interest.

5. There exists complete diversity between the Plaintiffs and Defendants such that original jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1332(a).

6.  On January 14, 2015, Ernest Alston was driving a GMC pickup in a safe and prudent manner in a westerly direction on North Dakota Highway 23 near its intersection with 76th Avenue NW.

7.  At that same time, Rebecca Imes, an employee of EOG, was driving a Chevrolet extended cab pickup, in the scope and course of her employment, south on 76th Avenue NW at its intersection with North Dakota Highway 23 in rural Mountrail County, North Dakota.  Rebecca Imes failed to stop and yield to motor vehicles traveling on North Dakota Highway 23 resulting in a violent and forceful collision between the Chevrolet extended cab pickup that she was driving and the GMC pickup being driven by Ernest Alston.

8.  Rebecca Imes was negligent/at-fault, in among other ways, by failing to keep a proper look out, failing to stop and yield at an intersection requiring her to do so, proceeding onto North Dakota Highway 23 to make a left-hand turn when there was not sufficient time to safely proceed, and otherwise failing to drive in a safe and prudent manner.  Rebecca Imes was issued a citation for failure to yield at a stop intersection.

9.  As a direct and proximate result of the negligence/fault of Rebecca Imes, the GMC pickup being driven by Ernest Alston and the Chevrolet extended cab pickup being driven by Rebecca Imes violently and forcefully collided, causing extensive damage to both vehicles and serious and permanent injuries to Ernest Alston.

10. As a direct and proximate result of the collision, Ernest Alston suffered serious and permanent injuries and sustained, and will in the future sustain, medical expenses for his care and treatment, physical and emotional pain and suffering, loss of

wages and loss of future earning capacity, physical impairment and disability, loss of enjoyment of life, and related injuries.

11.   Mr. Alston is entitled to recover economic and non-economic damages as set forth in N.D.C.C. § 32-03.2-04.

12.   As a direct and proximate result of the collision and the injuries sustained by Ernest Alston, Pamela Alston is entitled to recover loss of consortium damages, including, past and future loss of society, past and future loss of companionship, past and future loss of services which otherwise would have been provided by Ernest Alston, the value of Pamela Alston's services which have been provided and will, in the future, be provided to assist and care for Ernest Alston because of the injuries he sustained in the collision, and such other damages as set forth in N.D.C.C. § 32-03.2-04.

13.   EOG, as the employer of Rebecca Imes and the owner of the Chevrolet extended cab pickup being driven by Rebecca Imes in the scope and course of her employment at the time of the collision, is vicariously liable for the negligence/fault of Rebecca Imes and for such other negligence/fault to be proven at the time of trial.

WHEREFORE, Ernest Alston and Pamela Alston each request judgment against the Defendants in an amount in excess of $75,000, in addition to interest, costs and disbursements, and such other and further relief as is just and proper.

Dated:  February 11, 2019.

                MARING WILLIAMS LAW OFFICE, P.C.

                By:  /s/ David S. Maring
                    David S. Maring (03175)
                    1661 Capitol Way, Suite 103LL
                    Bismarck, ND 58501
                    (701) 224-0430
                    dmaring@maringlaw.com

                    Daryl L. Zaslow (014391996)
                    Eichen Crutchlow Zaslow, LLP
                    40 Ethel Road
                    Edison, NJ 08817
                    (732) 384-1331
                    dzaslow@njadvocates.com
                    (To be admitted to practice in the United States District Court for the District of North Dakota.)

                    Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated: February 11, 2019.

        MARING WILLIAMS LAW OFFICE, P.C.

By:  /s/ David S. Maring
David S. Maring (03175)
1661 Capitol Way, Suite 103LL
Bismarck, ND 58501
(701) 224-0430
dmaring@maringlaw.com

Daryl L. Zaslow (014391996)
Eichen Crutchlow Zaslow, LLP
40 Ethel Road
Edison, NJ 08817
(732) 384-1331
dzaslow@njadvocates.com
(To be admitted to practice in the United States District Court for the District of North Dakota.)

Attorneys for Plaintiffs